**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Homer Lewis WALTON, Defendant—**
**Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Leo V. Hackett, Defendant—Appellant.**

**Nos. 00–10508, 01–10236.**
**D.C. No. CR–99–05265–OWW.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 2002.

Decided July 12, 2002.

Before CANBY and RYMER, Circuit Judges, and BERTELSMAN, Senior

District Judge.*

MEMORANDUM **

Homer Lewis Walton and Leon V. Hackett appeal their drug trafficking convictions and Hackett also appeals his sentence. We affirm.

I

 Both argue that Detective Gray should not have been allowed to testify about gang affiliation because it was not relevant to their involvement in a drug conspiracy and was unduly prejudicial. The district court carefully limited the scope of Gray's testimony to the gangs' modus operandi of selling crack cocaine on street corners or in front of houses and from rooms with red light bulbs in particular areas. This was what Walton and Hackett were charged with doing. Accordingly, the evidence was probative of how and why they distributed crack. *See United States v. Santiago,* 46 F.3d 885, 889 (9th Cir.1995); *United States v. Winslow,* 962 F.2d 845, 850 (9th Cir.1992). The government neither elicited references to other wrongful acts nor was the trial permeated with gang overtones, and a limiting instruction was given. In these circumstances we cannot say that the gang-related evidence was unduly prejudicial. *See United States v. Takahashi,* 205 F.3d 1161, 1165–66 (9th Cir.2000); *Santiago,* 46 F.3d at 889.

Hackett also suggests that this evidence was cumulative because of his 1993 drug transaction. However, that transaction did not bear on the existence of an agreement with Walton to distribute crack in the modus operandi of their respective gangs.

II

 Walton and Hackett also contend that the evidence was insufficient to support their convictions for conspiracy to distribute crack cocaine and that, if anything, multiple, discrete conspiracies were proved rather than a single one. We disagree. Evidence that they lived under the same roof while selling crack, engaged in the same distribution patterns, shared customers and runners, and helped each other out when supplies ran low is adequate circumstantial proof of their coordinated agreement to distribute crack cocaine. *See United States v. Kenny,* 645 F.2d 1323, 1335 (9th Cir.1981); *United States v. Iriarte–Ortega,* 113 F.3d 1022, 1024 (9th Cir. 1997).

III

Hackett maintains that his sentence should not have been adjusted upward pursuant to U.S.S.G. § 3B1.1(c) for a leadership role because it was based on relevant conduct, and that in any event the court failed to make specific factual findings. Such findings are not necessary, *see United States v. Munoz,* 233 F.3d 1117, 1136 (9th Cir.2000), and the court's determination is well supported by evidence that Hale brokered Hackett's crack. Only one such incident suffices. *United States v. Maldonado,* 215 F.3d 1046, 1050 (9th Cir.2000).

AFFIRMED.

---

\* Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.